UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDUL KARIM IBRAHIM, JR.,        *
                                       *
       Plaintiff,                 *
                                       *        Civil Action No. 24-30014-KAR
                                       *
          v.                   *
                                       *
                                     *
STATE OF MASSACHUSETTS,        *
                                       *
       Defendant.              *

MEMORANDUM AND ORDER

April 22, 2024

ROBERTSON, U.S.M.J.

I.      Introduction

Plaintiff Abdul Karim Ibrahim, Jr., a resident of Springfield, Massachusetts, filed a self-prepared complaint against the State of Massachusetts.  (Dkt. No. 1, Compl.).   Ibrahim's complaint uses the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts.  *Id.*  For the basis of jurisdiction, Ibrahim checks the box for federal question jurisdiction.  *Id.* at ¶ II.  He identifies the Sixth Amendment and several criminal statutes as asserted bases for jurisdiction.  *Id.* at ¶ II(A).  One statute is the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009 (18 U.S.C. § 249), one is a conspiracy statute (18 U.S.C. § 241), and the third is a civil rights statute (18 U.S.C. § 249). *Id.* Ibrahim states that "other[ statutes are] not listed due to space restrictions."  *Id.*

According to Ibrahim, "[f]or the past three years [he has had his] civil rights taken away from [him] by the state's conspiracy to frame [him] for several crimes that never happened."  *Id.* at ¶ III.  He

alleges that he was "kidnapped by the state and held under false charges and forced to take dangerous and possibly addictive drugs." *Id.* Ibrahim states that he has "been assaulted by several state workers" and that he was denied his "right to complain about these illegal acts or seek compensation." *Id.* Among other things, Ibrahim states that his "personal belongings were also stolen," his "bank accounts were hacked," his "saved funds were stolen," and his "life has been threatened and endangered by state officials and law enforcement." *Id.* For relief, Ibrahim is "looking for further investigations into everything [that he is] listing as serious issues with the state's legal system as well as compensation for [his] work and the immediate release of several wrongfully held individuals [that Ibrahim has] listed in [his] reports. *Id.* at ¶ IV. He asks the Court to "[p]lease review attachments." *Id.*

The signature line on Ibrahim's complaint has been left blank and his name is typewritten on the line that requests the printed name of plaintiff." *Id.* at ¶ V(A).

With the complaint, Ibrahim filed an Application to Proceed Without Prepayment of Fees and Affidavit, (Dkt. No. 2, Application) and Motion for Appointment of Counsel (Dkt. No. 3, Motion for Counsel). This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 4).

II.     The Motion for Leave to Proceed *in Forma Pauperis*

A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that he is unable to pay the filing fee. See 28 U.S.C. § 1915(a)(1). The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)). "[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*]

statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman*, 195 F. Supp. 2d at 537 (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

Here, Ibrahim's Application does not contain his signature.  Although Ibrahim indicates that he is not employed, has no source of income, and is obligated to pay student loans, he failed to answer Questions 5 - 7 on the Application and does not indicate how he is able to access the basic necessities of life.  Without such information, the Court cannot evaluate whether Ibrahim qualifies for *in forma pauperis* status.

Because the Application is incomplete, and Ibrahim has not actually signed the Application under the penalties of perjury, the Application is denied without prejudice to filing a renewed Application with his actual signature.   Any renewed Application must be supplemented with additional information demonstrating how he is provided the basic necessities of life and Ibrahim must report any support—monetary or in kind—he has received from other individuals such as a relative or other next friend.

III.    The Complaint is Subject to Screening

A court has an obligation to inquire *sua sponte* into its own jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) .  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Calderon–Serra v.*

*Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

To invoke this court's subject matter jurisdiction, Plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter.  *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  "Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand."  *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)).

In conducting this review, the court liberally construes the complaint because Ibrahim is self-represented.  *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

IV.   Discussion

 On the face of the complaint, Ibrahim claims federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The complaint references several federal statutes, however, Ibrahim cannot bring a civil lawsuit based upon the alleged violation of federal criminal statutes.  A private citizen "'has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes."  *Diaz v. Perez*, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).  The federal criminal statutes referred to in the complaint do not confer a private right of action.  *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); *see also e.g.*, *Cok v. Cosentino*, 876 F.2d at 2 (stating that only the United States as prosecutor

4

can bring a complaint under 18 U.S.C.§§ 241-242); *Rockefeller v. U.S. Ct. of App. Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (granting motion to dismiss claim brought under 18 U.S.C. § 242); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *2 (E.D. Pa. Feb. 15, 2011) ("[T]here is no private right of action under 18 U.S.C. § 249."); *Pierce v. N.Y. State Police (Troop D Lowville)*, No. 05-1477 (GHL), 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) ("[T]he federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action.") (citations omitted). Therefore, the complaint fails to state a claim under the federal criminal statutes.

Ibrahim's contention that his Sixth Amendment rights were violated suggests that he may seek to assert a claim under a federal civil rights statute, 42 U.S.C. § 1983.[1] Speaking broadly, § 1983 provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations. Under the Eleventh Amendment of the United States Constitution,[2] a state is immune from suite in federal court unless the state has consented to being sued in federal court or Congress has overridden the state's immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it ... a State cannot be sued directly in its own name regardless of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit). This is true with respect to claims for civil rights violations brought pursuant to 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

[2] U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

enacting § 1983). Nothing in the complaint can be reasonably construed as presenting claims to which the Commonwealth of Massachusetts has waived sovereign immunity to suit in federal court.

For purposes § 1983, the definition of a "person" does not include a state.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  While a § 1983 claim is possible against state officials in their individual capacities for monetary damages, the complaint does not allege facts plausibly giving rise to a claim against any individual defendants.  There are no factual allegations concerning claims against individual state officers or employees.

In addition to monetary relief, Ibrahim seeks to have this Court initiate an investigation. However, the Court notes that it does not have the power to do so.  *See generally In re United States*, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch.").

To the extent Ibrahim wishes to proceed, an amended complaint must be filed.  Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted.  Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims.  Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  Because it promotes clarity, "each claim founded on a separate transaction or occurrence... must be stated in a separate count." *Id.*

Under Rule 8 of the Federal Rules of Civil Procedure, an amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3).  An amended complaint must "'give [each] defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  That is, an amended  "complaint should at least set

forth minimal facts as to who did what to whom, when, where, and why—although why, when why

means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v.*

*Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

Finally, as an amended complaint completely replaces the original complaint, *see Brait Builders*

*Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011), the plaintiff should

include in the amended complaint any allegations in the original complaint that he wishes to be part of

the operative complaint.  If an amended complaint is filed, it will be subject to screening.

V.      Conclusion

For the reasons set forth above, it is hereby

ORDERED, the Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. No. 2)

is DENIED WITHOUT PREJUDICE to refiling, within 28 days, a renewed Application that is signed

and accompanied by a supplemental statement demonstrating how he is provided the basic necessities of

life.

ORDERED, the Motion for Appointment of Counsel (Dkt. No. 3) is DENIED WITHOUT

PREJUDICE.

 ORDERED, the complaint is subject to dismissal pursuant to Rule 12(h)(3) of the Federal Rules

of Civil Procedure for lack of subject matter jurisdiction.

ORDERED, within 28 days of the date of this Memorandum and Order, if Ibrahim wishes to

proceed with this action, he shall file an "Amended Complaint" in accordance with the Federal Rules of

Civil Procedure and that provides a basis for this court's jurisdiction and stating a plausible claim upon

which relief may be granted.  Failure to comply with these directives may result in dismissal of this

action.  Upon receipt of plaintiff's response to this Memorandum and Order, the undersigned may direct the reassignment of the case to a District Judge for further review of any response to this Memorandum and Order.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: April 22, 2024