UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABDUL KARIM IBRAHIM, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 24-30014-KAR |
| | * | |
| v. | * | |
| | * | |
| | * | |
| STATE OF MASSACHUSETTS, | * | |
| | * | |
| Defendant. | * | |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

July 3, 2024

ROBERTSON, U.S.M.J.

I.   Background

On January 22, 2024, Abdul Karim Ibrahim, Jr., a resident of Springfield, Massachusetts, initiated this *pro se* action by filing a complaint against the State of Massachusetts. (Dkt. No.1, Compl.). With the complaint, Ibrahim filed an Application to Proceed Without Prepayment of Fees and Affidavit, (Dkt. No. 2, Application) and Motion for Appointment of Counsel (Dkt. No. 3, Motion for Counsel). This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 4).

Ibrahim's Motion for Counsel was denied without prejudice and his Application was denied without prejudice to refiling a renewed Application that is signed and accompanied by a supplemental statement. (Dkt. No. 5). Also, Ibrahim was advised that the complaint is subject to dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. *Id.*

Ibrahim was advised that if he wishes proceed, an amended complaint must be filed.  *Id.*   Ibrahim was granted 28 days to file his renewed Application and amended complaint.

On May 16, 2024, Ibrahim filed a letter (Dkt. No. 7, Letter) and an amended complaint (Dkt. No. 8, Am. Compl.).  In his Letter, Ibrahim states that he is "including a copy of all the documents" and notes that his mail is often "monitored by someone and [his letters] often do not get where they are supposed to and letters sent to [Ibrahim] do not ever reach [him]."  Dkt. No. 7.  The Court notes that the only document accompanying Ibrahim's Letter is his amended complaint.  Dkt. No. 8.

The Court recognizes that in his amended complaint, Ibrahim expresses his concern that the court is exhibiting "contempt" and "prejudice" by failing to appoint counsel and for "reprimand[ing Ibrahim] for something as trifling as a missing signature."  Am. Compl. at ¶ 5.  He contends that his case is complicated and that he doesn't understand "how the court expects [Ibrahim to represent himself when he is] so mentally ill and incompetent."  *Id.* at ¶ 13.  Ibrahim contends that he is being "forced to waste more of [his] precious time with a case [he has] already proven."  *Id.* at ¶ 13.  He states that he doesn't "even see why [he] should put together a whole new statement especially without counsel."  *Id.* at ¶ 20.

II.     DISCUSSION

Although Ibrahim filed an amended complaint, he failed to file a renewed Application and the time to do so has expired.  Because of this failure, the action is subject to dismissal for failure to follow the court's order.

As to Ibrahim's request for appointment of an attorney, there is no constitutional right to a free lawyer in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991).  Moreover, while the Court must construe a *pro se* litigant's pleading liberally, "*pro se* plaintiffs, like all other plaintiffs, must

comply with the Federal Rules of Civil Procedure." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Accordingly, for the failure to comply with the April 22, 2024 Memorandum and Order, The Court will order this case reassigned to a district judge and recommend dismissal without prejudice.

### III.  ORDER FOR REASSIGNMENT

Because Ibrahim failed to file a renewed Application as ordered by the Court, this court will direct the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

### IV.  RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS that the District Judge DISMISS this action without prejudice for failing to comply with the Court's April 22, 2024 Memorandum and Order.[1]

                                              /s/ Katherine A. Robertson
                                              KATHERINE A. ROBERTSON
                                              United States Magistrate Judge

DATED: July 3, 2024

---

[1] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.